## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACK Y. DALOYA, et al., | : | Civil No. 3:19-CV-439 |
| | : | |
| Plaintiffs, | : | (Judge Mariani) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| CBK LODGE GENERAL PARTNER, | : | |
| LLC, et al., | : | |
| | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

### I.    Factual Background

On March 12, 2019, the plaintiffs, Jack Daloya and Keren Esayev, filed a complaint alleging that Daloya suffered personal injuries at the defendants' Camelback Lodge and Indoor Waterpark while participating for the first time on a Flowrider attraction at the park. (Doc. 1). As discovery has drawn to a close in this case, the defendants have filed a motion for partial summary judgment in this case. (Doc. 36). This motion seeks the dismissal of all defendants, with the exception of CBK Lodge, LP. The premise underlying this motion for partial summary judgment can be simply stated. According to the defendants:

> It is undisputed that Defendant CBK Lodge, LP was the owner operator of the location of plaintiff's incident which is the subject of this matter. There is no evidence supporting plaintiff's claims against Defendants CBH20, LP and/or CBH20 General Partner, LLC. Therefore, the

dismissal of the Plaintiffs' claims against CBH20, LP and CBH20 General Partner, LLC is appropriate because those defendants have no ownership, management responsibility, control or maintenance obligations whatsoever as it relates to the property at which the plaintiff claims his incident occurred.

(Doc. 36-2, at 3).

The plaintiffs have responded to this motion by conceding that dismissal of these defendants is appropriate, while disputing that a motion for partial summary judgment was required to achieve this goal.  According to the plaintiffs:

Counsel for movant has represented that Defendant: CBK Lodge, LP is the lone entity responsible for the operation, maintenance, and supervision of the above-referenced FlowRider Amusement, as well as lone entity responsible for the lifeguards that supervised the Flowrider's patrons. Thus, given Defendants' representation that CBK Lodge, LP is the sole owner and operator of the location of Plaintiffs' incident, on the date it occurred, Plaintiffs previously agreed to stipulate to the dismissal of CBH20, LP and CBH20 General Partner, LLC. Therefore, Defendants' Motion for Summary Judgment should be denied as moot.

(Doc. 40 at 3-4).

Given this concession by the plaintiffs, it is recommended that CBH20, LP and CBH20 General Partner, LLC., be dismissed as defendants in this case.

## II.  **Discussion**

The defendants have moved for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, which provides "[t]hat the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a). Through summary adjudication, a court is empowered to dispose of those claims that do not present a "genuine dispute as to any material fact," Fed. R. Civ. P. 56(a), and for which a trial would be "an empty and unnecessary formality." Univac Dental Co. v. Dentsply Int'l, Inc., No. 07-0493, 2010 U.S. Dist. LEXIS 31615, at *4 (M.D. Pa. Mar. 31, 2010). The substantive law identifies which facts are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In this case the defendants motion for partial summary judgment rests on a single, simple premise. As the defendants have observed:

> It is undisputed that Defendant CBK Lodge, LP was the owner operator of the location of plaintiff's incident which is the subject of this matter. There is no evidence supporting plaintiff's claims against Defendants CBH20, LP and/or CBH20 General Partner, LLC.

(Doc. 36-2 at 3).

For their part, the plaintiffs insist that a summary judgment motion was unnecessary in this case but acknowledge that "given Defendants' representation that CBK Lodge, LP is the sole owner and operator of the location of Plaintiffs' incident, on the date it occurred, Plaintiffs previously agreed to stipulate to the dismissal of CBH20, LP and CBH20 General Partner, LLC." (Doc. 40 at 3-4). Given this concession by the plaintiffs, there is no dispute as to any material fact and CBH20, LP and CBH20 General Partner, LLC are entitled to judgment in their favor

as a matter of law. Therefore, CBH20, LP and CBH20 General Partner, LLC., should be dismissed as defendants in this case.

## III.   <u>Recommendation</u>

Accordingly, for the foregoing reasons, IT IS RECOMMENDED THAT the motion for partial summary judgment (Doc. 36) be GRANTED and CBH20, LP and CBH20 General Partner, LLC., should be dismissed as defendants in this case.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 3d day of February 2021.

<u>S/ Martin C. Carlson</u>
Martin C. Carlson
United States Magistrate Judge