# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JACK Y. DALOYA, et al.,** | : | Civil No. 3:19-CV-439 |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **CBK LODGE GENERAL PARTNER, LLC, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM AND ORDER

I. **Factual Background**

The background to this order is as follows: On March 12, 2019, the plaintiff, Jack Daloya, filed a complaint alleging that he suffered personal injuries at the defendants' Camelback Lodge and Indoor Waterpark while participating for the first time on a Flowrider attraction at the park. (Doc. 1, ¶¶ 25-40.)

The parties are now concluding what has been an occasionally contentious course of discovery. As a result, there are currently four motions pending before the court: the plaintiff's motions to compel and for sanctions (Docs. 39, 46) and the defendants' motions to quash a subpoena and for protective order. (Docs. 60, 61). As a result of the ongoing efforts of counsel, we understand that a number of

1

discovery issues have been resolved. Therefore, the principal remaining discovery issue relates to two interviews conducted by a defense investigator of several CBK Lodge employees who were serving as life guards at the Flowrider attraction on the day that Mr. Daloya allegedly suffered his injuries.

As to these interviews, the parties have diametrically opposed views. The plaintiff regards them as fully discoverable. The defendants contend that they are privileged work product. The parties have fully briefed this issue, and at our direction, the interviews were provided to us for our *in camera* review. Having conducted this review, for the reasons set forth below, with respect to these interviews, the plaintiff's motions to compel and for sanctions will be denied and the defendants' motions to quash and for protective order will be granted.

II. **Discussion**

Issues relating to the proper scope and nature of discovery rest in the sound discretion of the Court. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). A court's decisions regarding the conduct of discovery, therefore, will be disturbed only upon a showing of an abuse of discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983). This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572,

585 (D.N.J. 1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D. Pa. 2004) (citing Scott Paper Co. v. United States, 943 F. Supp. 501, 502 (E.D. Pa. 1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J.1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y.1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y. 2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

This discretion extends to resolution of questions regarding the application of the work product privilege.

> The work-product doctrine is embodied within Rule 26(b)(3) of the Federal Rules of Civil Procedure, which provides that 'a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial' unless otherwise discoverable or a party shows substantial need for the material. Fed. R. Civ. P. 26(b)(3). The doctrine is, in essence, a recognition that a lawyer requires a 'certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel.' Hickman v. Taylor, 329 U.S. 495, 511, 67 S.Ct. 385, 91 L.Ed. 451 (1947). The doctrine thus is intended 'to protect material prepared by an attorney acting for his client in anticipation of litigation.' United States v. Rockwell Int'l, 897 F.2d 1255, 1265 (3d Cir. 1990); see also United States v. Nobles, 422 U.S. 225, 238, 95 S. Ct. 2160, 45 L. Ed. 2d 141 (1975) ('At its core, the work-product doctrine shelters the mental processes of the

3

attorney, providing a privileged area within which he can analyze and prepare his client's case.').

Craig v. Rite Aid Corp., No. 4:08-CV-2317, 2012 WL 426275, at *5–6 (M.D. Pa. Feb. 9, 2012), on reconsideration in part, No. 4:08-CV-2317, 2012 WL 1079472 (M.D. Pa. Mar. 30, 2012).

As a general rule, private investigator interviews conducted on behalf of counsel in preparation of litigation are encompassed by the work product privilege. Such interview notes, when prepared by an investigator acting at the direction of counsel in anticipation of litigation, constitute ordinary or fact work product. As such, disclosure of these interviews typically may not be compelled, provided that the witness is available to be deposed. Dempsey v. Bucknell Univ., 296 F.R.D. 323, 329 (M.D. Pa. 2013). As one court has observed:

> Memoranda summarizing oral interviews ... may indirectly reveal the attorney's mental processes, his opinion work product .... [S]pecial considerations ... must shape any ruling on the discoverability of interview memoranda .... [S]uch documents will be discoverable only in a "rare situation." ". . . . Further, '[a]s the work product sought here is based on oral statements from witnesses, a far stronger showing is required than the "substantial need" and "without undue hardship" standard applicable to discovery of work-product protected documents and other tangible things.'"

F.T.C. v. Hope Now Modifications, LLC, No. CIV. 09-1204 JBS/JS, 2011 WL 2634029, at *3 (D.N.J. July 5, 2011)(citations omitted). Thus, absent a claim of waiver, or some showing of a substantial need, interview memoranda are cloaked in privilege.

In the instant case, it appears that the lifeguards were available to be deposed by the plaintiff, thus fully satisfying the need to obtain their testimony. This fact substantially undermines the plaintiff's demand for production of these notes since the question of "[w]hether such material is discoverable typically turns on whether the witness is available for deposition." Dempsey, 296 F.R.D. at 329. Further, beyond speculative assertions that the interview notes may be useful to the plaintiff in preparing for trial or cross examining these lifeguard witnesses, Daloya has made no showing of a substantial need for access to these otherwise privileged interviews. As a matter of law, this speculative claim is insufficient to overcome the privilege since access to otherwise privileged interviews "cannot be secured simply to [attempt to] show that the testimony on deposition is false." Halpin v. Barnegat Bay Dredging Co., No. CIV.A. 10-3245 AET, 2011 WL 2559678, at *17 (D.N.J. June 27, 2011) (citations omitted). Moreover, as a matter of fact, our *in camera* review of the interviews strongly suggests that no such showing can be made here of a compelling need to obtain the interview notes for purposes of cross-examining these witnesses. Simply put, our *in camera* review has identified no glaring discrepancies between the statements of these witnesses and the defendants' litigation posture which might serve as a substantial need justifying disclosure of these privileged notes.

Finding that these notes are privileged, and that the privilege has not been overcome, we will deny the plaintiff's request for disclosure of these interviews.

An appropriate order follows.

DATED: June 22, 2021

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JACK Y. DALOYA, et al.,** | : | Civil No. 3:19-CV-439 |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **CBK LODGE GENERAL PARTNER, LLC, et al.,** | : | |
| | : | |
| Defendants. | : | |

## ORDER

For the reasons set forth in the accompanying Memorandum, IT IS ORDERED as follows:

1. With respect to the interview notes of two lifeguards employed by the Defendants, the plaintiff's motions to compel and for sanctions (Docs. 39, 46), is DENIED and the defendants' motions to quash a subpoena and for protective order (Docs. 60, 61) is GRANTED.

2. The parties shall consult, confer, and notify the court on or before **July 9, 2021** regarding whether any remaining discovery issues need to be resolved.

3. Following the expiration of the current July 23, 2021 discovery deadline the parties shall consult, confer, and on or before **August 6, 2021** provide

7

the court with a supplemental case management plan prescribing a schedule for pretrial proceedings, or further mediation in this case.

So ordered this 22d day of June, 2021.

*S/ Martin C. Carlson*
MARTIN C. CARLSON
United States Magistrate Judge